# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MANUEL TORRES | * | CIVIL ACTION NO. 18-12652 |
| VERSUS | * | |
| | | SECTION: J(2) |
| BP EXPLORATION & PRODUCTION INC. and BP AMERICA PRODUCTION COMPANY | * | JUDGE BARBIER |
| | * | |
| | | MAG. JUDGE WILKINSON |
| Related to: 12-968 BELO in MDL No. 2179 | * | |

## ORDER & REASONS

This is an action for personal injuries brought pursuant to the "Back-End Litigation Option" ("BELO") provisions of the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("Medical Settlement").[1] Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") filed a Motion for Summary Judgment (Rec. Doc. 19) and noticed it for submission on May 6, 2020. (Rec. Doc. 19). Pursuant to Local Rule 7.5, any response was due by April 28. No response was filed; the motion is unopposed. The Court, having considered the motion, the record, and the applicable law, grants the motion and dismisses the complaint for the reasons set out below.

---

[1] *See generally In re Oil Spill by the Oil Rig Deepwater Horizon*, 295 F.R.D. 112 (E.D. La. 2013) (describing the Medical Settlement and approving it as a class action settlement under FED. R. CIV. P. 23). A copy of the Medical Settlement can be found in the *Deepwater Horizon* MDL master docket, No. 10-md-2179, Rec. Doc. 6427-1 (E.D. La.). There is no dispute that the plaintiff is a member of the settlement class.

On April 20, 2010, a blowout, explosions, and fire occurred on the drilling rig DEEPWATER HORIZON as it was preparing to temporarily abandon a well, known as Macondo, it had drilled some 50 miles off the coast of Louisiana. A massive oil spill resulted. Between July 2010 and March 2011, plaintiff Manuel Torres was employed as a cleanup worker on the oil spill. In March of 2013, Torres was diagnosed with chronic conjunctivitis. In 2018, Torres filed the instant BELO lawsuit against BP.[2] Torres claims that he was exposed to oil and other chemicals while performing cleanup work, and this exposure caused his chronic conjunctivitis.

As several other sections of this Court have concluded, plaintiffs in BELO cases must prove that their illness was legally caused by exposure to chemicals from the oil spill or the response.[3] Furthermore, this proof must be accomplished through expert testimony.[4] Torres, however, failed to submit an expert report or make any expert disclosures by the Court's deadline of April 16, 2020. Consequently, BP is entitled to summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

---

[2] BP was the operator and majority owner of the Macondo Well, and a "responsible party" for the oil spill under the Oil Pollution Act of 1990, 33 U.S.C. § 2701, et seq. The Medical Settlement permits a class member to sue BP, and only BP, in a BELO lawsuit.

[3] *Rabalais v. BP Expl. & Prod.*, No. 18-cv- 9718, 2019 WL 2546927, at *2 (E.D. La. June 20, 2019) (Africk, J.); *Banegas v. BP Expl. & Prod.*, No. 17-cv-7429, 2019 WL 424683, at *2 (E.D. La. Feb. 4, 2019) (Vance, J.); *Cibilic v. BP Expl. & Prod.*, No. 15-cv-995, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (Milazzo, J.); *Piacun v. BP Expl. & Prod.*, No. 15-cv-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016) (Morgan, J.*).*

[4] *See, e.g., Rabalais,* 2019 WL 2546927, at *2 (citing *Seaman v. Seacor, LLC*, 326 F. App'x 721, 723 (5th Cir. 2009)).

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Accordingly,

IT IS ORDERED that BP's Motion for Summary Judgment (Rec. Doc. 19) is GRANTED.

IT IS FURTHER ORDERED that Manuel Torres's BELO complaint is DISMISSED with prejudice.

New Orleans, Louisiana, this 6th day of May, 2020.

_____
United States District Judge